UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -v- ) | No. 08 C 237 |
| ) | Honorable John Darrah |
| FUNDS IN THE AMOUNT OF ) | |
| $101,999.78 SEIZED FROM SMITH BARNEY ) | |
| ACCOUNT NUMBER xxx-xxxxx-x-2-121; and ) | |
| ) | |
| FUNDS IN THE AMOUNT OF ) | |
| $140,430.22 SEIZED FROM SMITH BARNEY ) | |
| ACCOUNT NUMBER xxx-xxxxx-x-3-121, ) | |
| ) | |
| Defendants. ) | |

**CLAIMANTS JOINT ANSWER TO**
**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COME the Claimants, PRAVINCHANDRA PATEL, USHABEN PATEL, PUR MOTEL d/b/a KARAVAN MOTEL, and PARUSHA MOTEL d/b/a HILLSIDE MANOR MOTEL, by and through their attorneys, MONICO, PAVICH & SPEVACK, and in Answer to the Government s Complaint for Forfeiture states as follows:

**1.    This complaint for forfeiture is verified by the attached affidavit of Task Force Agent Jeffrey A. Markvart of the Internal Revenue Service ( IRS ), which is fully incorporated herein.**

1.    Claimants admit that the Government has attached to the Complaint an affidavit that purports to be from an Agent Markvart of the IRS.

**Jurisdiction and Venue**

**2.    This is an *in rem* forfeiture action brought pursuant to Title 31, United States Code, Section 5317(c)(2), for forfeiture of funds in the amount of $101,999.78 seized from Smith Barney account number xxx-xxxxx-x-2-121, and funds in the amount of $140,430.22 seized from Smith Barney account number xxx-xxxxx-x-121 as funds involved in violations of Title 31, United States Code, Sections**

**5313 and 5324. This court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345 and 1355.**

2. Claimants admit the allegations in paragraph 2.

**3. This court has *in rem* jurisdiction over the defendant property pursuant to Title 28, United States Code, Sections 1355(b)(1)(A) and (d), as certain of the acts giving rise to forfeiture occurred within the Northern District of Illinois.**

3. Claimants admit the allegations in paragraph 3 but deny that the acts alleged give rise to forfeiture.

**4. Venue is proper under 28 U.S.C. § 1395(b) because the defendant funds were found and seized within the Northern District of Illinois and shall remain herein during the pendency of this action.**

4. Claimants admit the allegations in paragraph 4.

<u>**Specific Allegations**</u>

**5. Federal law requires financial institutions to issue a Currency Transaction Report for all cash transactions in excess of $10,000 by customers or clients (31 U.S.C. § 5313   the  CTR  requirement). Under certain circumstances, failure to file such a report is a violation of Federal criminal law. As part of these reporting requirements, customers or clients are not permitted to conduct or structure their transactions in any manner that is designed to cause the financial institutions to fail to file the CTR (31 U.S.C. Section 5324).**

5. Paragraph 5 is a summary of law that speaks for itself and does not require a response from the Claimants. Claimants believe that the summary is substantially accurate but does not account for exceptions and nuances in the law, and therefore they cannot admit the allegations in paragraph 5 because they are incomplete. Claimants specifically deny that they conducted or structured their transactions in any manner that was designed to cause financial institutions to fail to file the CTR. They deny that they made any deposits with the intent to violate any laws, regulations or other requirements, or with knowledge that any law, regulation or

other requirement might have been violated.

**6.     Structuring, as defined in 31 C.F.R. Section 103.11(gg) provides, in part, that a person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transaction(s) in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the CTR reporting requirements.  In any manner includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000 into smaller sums, including sums at or below $10,000.  The transaction or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute structuring.**

6.     Paragraph 6 is a summary of law that speaks for itself and does not require a response from the Claimants.  Claimants believe that the summary is substantially accurate but does not account for exceptions and nuances in the law, and therefore they cannot admit the allegations in paragraph 6 because they are incomplete.  Claimants deny that they wilfully or knowingly violated any law, regulation, or other requirement.

**7.     During the period of no later than approximately March 2, 2004, to the present, Pravinchandra Patel and Ushaben Patel ( the Patels ), believed to be husband and wife, have owned two motels.  Parusha Motel, d/b/a Hillside Manor Motel, is a one-story motel with approximately thirty-three rental units, costing $47.00 per night, located at 4740 Roosevelt Road, Hillside, Illinois.  Pur Motel, d/b/a Karavan Motel is a two story motel with approximately fifty-five rental units, costing $55.00 per night, and is located at 1620 South Cicero Avenue, Cicero, Illinois.**

7.     Claimants admit that the allegations in paragraph 7, except for the following.  There are approximately 34 rental units at Hillside Manor and 50 rental units at Karavan Motel, and though the per night charges alleged are substantially accurate the rental prices may vary depending on weekdays or weekends or length of stay.

**8.     A review of bank records for the two businesses has shown that the Patels maintained multiple bank accounts in the names of the two motels, and made their cash deposits into these accounts as set forth below by depositing no greater**

**than $8000 on any given day and by alternating deposits among the multiple motel bank accounts in order to avoid reporting requirements, and then transferring the cash deposits by check to brokerage accounts.**

8. Claimants deny that they maintained multiple bank accounts. Claimants maintained a single active bank account for each motel, and deposits were made into the bank account for the relevant motel. They deny that they deposited in amounts no greater than $8000 by alternating among the bank accounts, but in fact deposited each motel's deposits into a separate account for that motel. Claimants admit that they often wrote checks in order to deposit money from the bank accounts into a brokerage account. Claimants deny the remaining allegations in paragraph 8. Claimants specifically deny that they alternated deposits among multiple bank accounts in order to avoid reporting requirements, and then transferred the cash deposits by check to brokerage accounts.

**9. According to bank records, since approximately March 2, 2004 to the present, the Patels have maintained and been the signatories on a bank account at Fifth Third Bank ending in 0608 held in the name of Parusha Motel d/b/a Hillside Manor Motel ("the Fifth Third account").**

9. Claimants admit the allegations in paragraph 9.

**10. Morgan Stanley is an investment management company that offers mutual funds and other services to investors. Beginning no later than March 2, 2004, and continuing until no later than November 30, 2005, the Patels maintained and were signatories on an account at Morgan Stanley ending in 7601 ("the Morgan Stanley account").**

10. Claimants admit the allegations in paragraph 10.

**11. Smith Barney is also an investment management company that offers mutual funds and other services to investors with offices in several states. Beginning no later than June 2005 and continuing until no later than June 12, 2007, the Patels maintained and were signatories on two accounts at Smith Barney, one with an account number ending in 2-121 ("the Smith Barney 2-121 account") and the second with an account number ending in 3-121 ("the Smith Barney 3-121**

account ).

11.   Claimants admit the allegations in paragraph 11.

**12.   A review of deposit tickets pertaining to the Fifth Third account revealed that between March 2, 2004 and June 12, 2007, 148 cash deposits totaling $1,179,115.23 were made into the account. Each of these deposits was under $10,000 and many occurred on successive days. Furthermore, within days after each of these cash deposits were made, the funds were transferred by check into the above referenced investment accounts at Morgan Stanley and Smith Barney. A schedule of these deposits is attached as Exhibit A and hereby incorporated by reference. Approximately $1,197,000.00 was transferred out of the account by check as follows: $447,000.00 was transferred from the Fifth Third account by check into the Morgan Stanley account during the period March 2, 2004 through November 30, 2005, when this account was closed, and $750,000.00 was transferred by check from the Fifth Third account to the Smith Barney 2-121 account between 2005 and June 12, 2007.**

12.   Claimants have not yet reviewed all the records in order to admit or deny whether the factual allegations in paragraph 12 are all correct. However, Claimants admit that during the period cited amounts of money were deposited into the account and that deposits were made under $10,000. Claimants also admit that they at times transferred money into the investment account. Claimants deny the remaining allegations in paragraph 12. Claimants specifically deny that, assuming there was some violation of law, regulation or other requirement that would give rise to forfeiture, that they made the deposits with the intent to violate any law, regulation or other requirement or that they had knowledge that said law, regulation or other requirement was being violated.

**13.   According to bank records, since approximately March 2, 2004 to the present, the Patels have maintained and been the signatories on two bank accounts at Mid America Bank, both in the name of Pur Motel Inc. d/b/a Karavan Motel, with account numbers ending in 4656 and 1413.**

13.   Claimants admit the allegations in paragraph 13 that there were two accounts, one

ending in 4656 and the other in 1413. The latter account (1413) was initially used for deposits. At some point within the described period the latter account was closed and the former account (4656) used for deposits.

**14.     A review of bank records revealed that during the period March 2, 2004 through February 27, 2007, 182 cash deposits totaling $1,457,840.00 were made into the Pur Motel accounts: $480,040.00 into the Mid American account ending in 4656, and $977,900.00 into the Mid America account ending in 1413. Each of the deposits was under $10,000 and many occurred on successive days. Shortly after the cash was deposited most of the funds were transferred by check to the Morgan Stanley account and to the Smith Barney 3-121 account.**

14.     Claimants state that the bank records will speak for themselves. They admit that funds were transferred at various times from the bank accounts to the investment accounts, and deny the remaining allegations in paragraph 14.

**15.     During the period in which the $1,457,840.00 in cash deposits were made, $1,404,000.00 was transferred into the two Smith Barney accounts. Funds in the amount of $622,000.00 were transferred to the Morgan Stanley account between June 2005 and November 30, 2005, when the account was closed, and $812,000.00 was transferred to Smith Barney 3-121 account between June 2005 and February 27, 2007.**

15.     Claimants state that the bank records will speak for themselves. They admit that funds were transferred at various times from the bank accounts to the investment accounts, and deny the remaining allegations in paragraph 15.

**16.     In total, $2,636,955 in structured cash deposits were made into the Fifth Third account and the two Mid America accounts, and $2,601,000.00 of those funds were subsequently transferred to the Morgan Stanley account and the two Smith Barney accounts.**

16.     Claimants state that the bank records will speak for themselves. They admit only that deposits were made into the above accounts. They deny that these were structured cash deposits that would give rise to forfeiture.

**17.     On or about August 1, 2007, warrants were executed to seize the funds from the respective accounts, and on October 9, 2007, claims were filed by Parusha Motel d/b/a Hillside Manor; Ushaben Patel and Pravinchandra Patel. This complaint is filed pursuant to Title 18, United States Code, section 983.**

17.     Claimants admit the allegations in paragraph 17, but add that a claim was also filed by Pur Motel d/b/a Hillside Manor Motel.

**18.     For the reasons stated herein and in the attached affidavit, incorporated by reference herein, there is probable cause to believe that the funds in the amount of $101,999.78 seized from Smith Barney account number xxx-xxxxx-x-2-121 and funds in the amount of $140,430.22 seized from Smith Barney account number xxx-xxxxx-x-3-121 were involved in violations of 31 U.S.C. § 5313 and 5324, and are therefore subject to forfeiture and condemnation pursuant to 31 U.S.C. § 5317(c).**

18.     Claimants deny the allegations in paragraph 18.

WHEREFORE, Claimants respectfully request that this proceeding be dismissed and that the funds be ordered returned to the Claimants, with interest.

## AFFIRMATIVE DEFENSES

A.     For their First Affirmative Defense, Claimants state that there was no probable cause for the seizure of their assets.

B.     For their Second Affirmative Defense, Claimants state that the funds seized were earned in less than $10,000 increments, and that the funds were not received on a single occasion or even on successive occasions from one person or entity. Claimants submit that there is no requirement that persons stockpile funds received on multiple occasions from different payers until the funds exceed $10,000, which is what the Government implies in this Complaint.

C.     For their Third Affirmative Defense, Claimants deny that the allegations of the Complaint set out a violation of the law.

      D.      As their Fourth Affirmative Defense, Claimants state that if the conduct described in the Complaint does constitute a violation of the law, the funds are not subject to forfeiture because the claimants did not have the *mens rea* necessary to constitute a violation of any statute, law, regulation and/or any other legal requirement that would give rise to forfeiture.

                                      Respectfully submitted,
                                      PRAVINCHANDRA PATEL, *et al.*

                            By:    _/s/ Barry A. Spevack_____
                                    Their attorneys

Barry A. Spevack
MONICO, PAVICH & SPEVACK
20 South Clark Street
Suite 700
Chicago, Illinois 60603
312-782-8500