UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 08 C 0237 |
| v. ) | Judge John Darrah |
| ) | |
| FUNDS IN THE AMOUNT ) | |
| OF $101,999.78, et. al. ) | |
| ) | |

**GOVERNMENT'S RESPONSE TO CLAIMANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, responds to the claimants' motion for judgment on the pleadings, as follows. The claimants move pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings, contending that the facts set forth in the verified civil complaint, if proven, do not set out a claim of illegal structuring. It is the government's position that the verified civil complaint has sufficiently alleged a claim of structuring which would support the forfeiture of the funds at issue. Therefore, the motion should be denied.

**I.    Facts**

On or about January 10, 2008, the United States brought this *in rem* forfeiture action pursuant to Title 31, United States Code, Section 5317(c)(2), for forfeiture of $101,999.78 seized from a Smith Barney account number ending in 2-121, $140,430.22 seized from a Smith Barney account number ending in 3-121, as funds involved in violations of Title 31, United States Code, Sections

5313 and 5324. *See* Complaint. The initial seizure occurred, and the subsequent civil complaint was filed, after the Internal Revenue Service became aware that during the period of approximately March 2, 2004 through August 1, 2007, Pravinchandra Patel and Ushaben Patel ("the Patels") had deposited a total of $2,636,955 in structured cash deposits into three bank accounts they controlled.

Certain facts are not in dispute among the parties. The Patels own two motels, Parusha Motel, d/b/a/ Hillside Manor Motel, and Pur Motel, d/b/a Karavan Motel. *See* Verified Complaint for Forfeiture; Claimants' Joint Answer. Since approximately March 2, 2004 to the present, the Patels have maintained and been the signatories on a bank account at Fifth Third Bank ending in 0608 held in the name of Parusha Motel d/b/a Hillside Manor Motel ("the Fifth Third account"). *Id.* During this period of time, the Patels have maintained two additional bank accounts at Mid America Bank, both in the name of Pur Motel Inc. d/b/a Karavan Motel, with account numbers ending in 4656 and 1413. *Id.* The Patels made a total of 330 deposits, totaling $2,636,955, into these three accounts. during the period of March 2, 2004 through June 12, 2007. *Id.* Each of the deposits were under $10,000. Many of these deposits occurred into the same account on successive days. *Id.* Further, on many days, the Patels made two cash deposits, each in the amount of $8,000, the first deposit in the Fifth Third account and a second deposit that same day

into one of the two MidAmerica accounts.[1]  See Complaint, Exhibit A, transactions on 3/9/04; 3/17/04; 3/23/04; 4/13/04; 4/20/04; 4/27/04; 4/28/04; 6/9/04; 6/15/04; 6/22/04; 6/29/04;;7/20/04; 7/28/04; 8/11/04; 8/17/04; 8/24/04; 9/30/04 (2 deposits in one account on one day); 10/05/04; 10/12/04; 10/21/04; 11/02/04; 11/16/04, 12/02/04 (2 deposits in one account in one day); 12/08/04; 1/11/05; 1/19/05; 2/02/05; 2/14/05; 2/23/05; 3/14/05; 3/24/05; 4/07/05; 4/14/05; 4/22/05; 4/26/05; 5/05/05; 5/24/05; 6/01/05; 6/7/5; 6/10/05 (3 transactions among two accounts); 6/15/05; 6/16/05, 6/17/05, 6/21/05 (3 transactions among two accounts ); 7/08/05; 7/12/05; 7/19/05, 7/26/05; 8/2/05; 8/9/05; 9/8/05; 9/13/05; 9/20/05; 9/28/05;11/22/05; 11/29/05 (2 deposits in one day); 12/06/05; 12/15/05; 12/22/05; 1/09/06; 2/7/06; 2/14/067; 2/17/06; 2/23/06; 23/9/06; 3/21/06, 3/23/06(2deposits in one day); 4/3/06; 4/11/06; 4/27/06; 5/2/06; 5/9/06; 5/16/06; 6/07/06;  6/23/06; 6/27/06; 7/06/06; 7 /13/06, 7/20/06 (3 transactions among two accounts); 7/25/06; 8/19/06; 8/21/06; 8/24/06; 8/30/06; 9/5/06; 9/12/06; 9/19/06; 9/26/06; 9/2806; 10/03/06; 10/10/06; 10/17/06; 10/24/06;(3 transactions among two accounts); 11/7/06; 11/14/06; 12/05/06; 1/09/07; 1/16/07; 1/30/07; 2/08/07; 2/15/07; 2/20/07; 2/27/07.

The Patels also maintained three investment accounts:  an account at Morgan Stanley  and two accounts at Smith Barney.  *Id.*   $2,601,000 of the

---

[1]The Patels made deposits into the Mid|America account ending in 3 from March 2, 2004 until November 15, 200t, and thereafter made deposits into the MidAmerica account ending in 6.

aforementioned funds were subsequently transferred to the three brokerage accounts. *Id.*

On or about August 1, 2007 warrants were executed to seize the funds from the respective accounts, resulting in the seizure of 101,999.78 from the Smith Barney account ending in 2-121, and $140,430.22 from the Smith Barney account ending in 3-121. *Id.* Following the submission of claims by the claimants, the United States filed the verified civil complaint on January 10, 2008.

## II.   The Claimants' Motion

The claimants move, pursuant to Fed.R.Civ.P. 12(c), for judgment on the pleadings, contending that the facts set forth in the verified civil complaint , if proven, do not set out a claim of illegal structuring. It is the government's position that the verified civil complaint has sufficiently alleged a claim of structuring which would support the forfeiture of the funds at issue. Therefore, the motion should be denied.

### a.   Legal Standard

A motion under Fed. R. Civ. P. Rule 12(c) is directed towards a final judgment on the merits. *Flora v. Home Federal Savings and Loan Association*, 685 F.2d 209, 211 (7th Cir.1982). Like a motion for summary judgment, the court is required to accept as true all facts alleged in the non-movant's pleadings. *Id.* Under Fed. R. Civ. P. Rule 12(c), judgment will be granted if the pleadings

demonstrate that the moving party is entitled to judgment as a matter of law. *Flora v. Home Federal Savings and Loan Association*, 685 F.2d 209, 211 (7th Cir.1982); *New Zealand Lamb Company, Inc. v. United States*, 40 F.3d 377, 380 (Fed.Cir.1994). A motion for a judgment on the pleadings under Fed.R.Civ.P. 12(c), like a motion for failure to state a claim under Fed.R.Civ.P. 12(b)(6), should not be granted "unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Delgado v. Jones, 282 F.3d 511, 515 (7th Cir. 2002)(citations omitted). Pursuant to these standards, the claimants' motion should be denied.

      b.    **The sufficiency of the verified civil complaint.**

Pursuant to Rule (G)(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims, a complaint for civil forfeiture must, among other things, "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *Id.*

The government must plead facts sufficient to support a reasonable belief that the government can demonstrate probable cause for finding the property tainted. *United States v. One 1997 E35 Ford Van, VIN 1FBJS31L3VHB70844*, 50 F.Supp.2d 789, 796 (N.D.Ill.,1999). The government is not required to meet its ultimate burden of establishing probable cause for forfeiture at the pleading stage. *Id.* "While the probable cause which the government must show at trial is a reasonable ground for belief of guilt, supported by less than prima facie proof

but more than mere suspicion, for purposes of the complaint the allegations need only set forth a reasonable basis for believing that the property is subject to forfeiture." *Id., citing United States v. $9,800*, 952 F.Supp. 1254, 1260 (N.D.Ill.,1996)(internal quotations omitted).

A complaint seeking forfeiture of funds that were structured to evade the cash transactions reporting requirements of 31 U.S.C. § 5313(a) is adequate where it states "that the transactions at issue "were structured to evade the cash transactions reporting requirements of 31 U.S.C. § 5313(a) . . . detail[s] the dates and amounts of each withdrawal and the person making the withdrawals [and] provides more than adequate detail to enable a claimant to investigate the government's charges and frame a responsive pleading." *United States v. Funds in the Amount of $170,926.00* , 985 F.Supp. 810, 812 (N.D.Ill.,1997). A brief examination of the complaint at issue in this case shows that it meets these requirements: it alleges that the seized funds were involved in violations of 31 U.S.C. §§ 5313 and 5324, details the dates and amounts of each withdrawal, and specifies that Pravinchandra Patel and Ushaben Patel were the signatories on the accounts at issue.

Claimants argue that the complaint is insufficient because, they contend, there is an innocent explanation for the amount and timing of the financial transactions at issue in the verified complaint, and thus a set of facts exist

wherein the allegations in the complaint would be inadequate to support a claim of forfeiture. Their argument lacks merit for a variety of reasons.

### i.    claimants assert unsupported facts

Claimants' argument relies on facts beyond those set forth in the pleadings in this case. They contend that "basic mathematics shows that if all the rooms are rented in a single night, Hillside takes in approximately $1551 a night and Karavan takes in approximately $3025 a night . . .If the Patels had deposited the rental receipts from each motel daily, none of the deposits would have come close to $10,000 . . . they did not deposit the approximately $1500 from Hillside and $3000f rom Karavan (and this assumes the motels were filled to capacity) into their respective bank accounts the next day. Instead, the Patels allegedly waited several days, and then made deposits in increments of $8000." Motion at 2-3.

However, the claimants have offered no factual support for these inferences and allegations, that all the rooms in each of the two hotels were in fact rented on all nights during the period of time in question or, for that matter, that the money deposited into the accounts was in fact the proceeds of room rentals. Under these circumstances, denial of their motion is appropriate. *See United States v. One Million Seven Hundred Thousand Dollars ($1,700,000.00) in U.S. Currency,* 2008 WL 564861, 6 -7 (E.D.Mich.,2008)("Although Claimants offer an explanation and assert that the MNG funds came from legitimate sources, this alone does not support a motion for summary judgment . . .

7

[v]iewing the evidence in a light most favorable to the non-moving party, this court finds that a genuine issue of material fact exists as to whether the MNG funds constitute, or are derived from, illegal activity.")

### ii.　**claimants assume a credibility determination in their favor**

Claimants assume that this Court will take their unsupported factual claims, that the deposits are simply the result of a decision to deposit cash receipts from each motel into each motel's respective bank account at some point prior to reaching an aggregated $10,000, as true. "Such an argument is fruitless and far beyond the scope of a motion to dismiss because discovery would be required to affirm or invalidate the [claimant's] allegation." *United States v. One Million Seven Hundred Thousand Dollars ($1,700,000.00) in U.S. Currency*, 2008 WL 564861, 7 (E.D.Mich.,2008).

### iii.　**claimants' contentions regarding aggregation lack merit.**

Claimants' primary contention is that the complaint presumes that 31 U.S.C. § 5324 requires them to accumulate cash receipts until they reach $10,000, and then make a deposit of at least $10,000 so that the bank will file a currency transaction report, or otherwise structuring has occurred. Motion at 1. However, claimants do not indicate any specific portion of the complaint that supports their contentions, and further, do not cite any regulation or case law that leads them to this presumption. In fact, the complaint makes no such

presumption, and indeed, the statute at issue imposes no such requirement to aggregate funds until they equal or exceed $10,000 in order to avoid violating the statute.

Title 31, United States Code, Section 5324(a)(3) provides, in pertinent part, that "[n]o person shall, for the purpose of evading the reporting requirements of section 5313(a) or 5324 or any regulation prescribed under any such section . . . structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions." *Id.* The statute does not criminalize cash transactions less than $10,000 or require that cash transactions be aggregated to equal or exceed $10,000. It does criminalize "altering the form of a transaction in order to avoid activating the bank's duty to file a currency transaction report." *United States v. Van Allen*, 524 F.3d 814, 820 -821 (7th Cir. 2008), *citations omitted*.

The government is not assuming that the funds at issue in this case were structured solely because they were deposited in amounts less than $10,000. The fact that the funds were deposited approximately 330 times, almost always in the amount of $8,000, strongly supports an inference that these deposits were not the normal cash proceeds of a day's or a few days' business at a small motel given the extreme consistency in the amount and frequency. One would expect that normal business deposits would vary in amount to some degree commensurate with normal variations in daily business. That one or

both of these small motels would consistently generate exactly $8,000 in cash receipts more than 300 times during the period in issue is highly unlikely. This pattern strongly supports an inference that the amount and timing of the deposits have been altered "in order to avoid activating the bank's duty to file a currency transaction report." *Id.  See, e.g. United States v. Van Allen*, 524 F.3d 814, 820 (7th Cir. 2008)("the jury rejected Van Allen's argument that the nature of the auto parts business required him to engage in the pattern of withdrawals and deposits of sub-$10,000 amounts. The jury most likely did so by considering the irrational and inefficient nature of the transactions."); *United States v. Cassano*, 372 F.3d 868, 878-79 (7th Cir. 2004) *reversed on other grounds Cassano v. United States,* 543 U.S. 1109 ( Jan 24, 2005)("it is unlikely, to the point of absurdity, that it was pure coincidence that all fifty-one checks cashed by [defendant] were in denominations under $10,000"); *United States v. Morales-Rodriguez,* 467 F.3d 1, 10 -12 (C.A.1 (1st. Cir.2006)("the consistent avoidance of the $10,000 threshold over a period of almost three years would, in our view, permit a jury to conclude that [defendant] divided all transactions above the reporting threshold 'for the purpose of evading the reporting requirements' in violation of § 5324"); *United States v. MacPherson*, 424 F.3d 183, 89 -90 (2d Cir. 2005)(defendant's "willingness to sacrifice efficiency and convenience in depositing a quarter-million dollars through multiple small transactions structured to ensure that no one exceeded $10,000 amply supported

a reasonable inference that [defendant] knew of and was intent on avoiding CTR reporting requirement").

Given the foregoing, claimants' motion for judgment on the pleadings should be denied, since the verified complaint adequately sets forth the necessary allegations to seek forfeiture of the funds at issue;  the factual allegations set forth by the claimants are unsupported and are not appropriately resolved in a motion for judgment on the pleadings, and the facts set forth in the verified civil complaint, if proven, do in fact set out a claim of illegal structuring.

WHEREFORE, the United States of America requests that the claimants' motion for judgment on the pleadings be denied.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:
  MADELEINE MURPHY
  Assistant United States Attorney
  219 South Dearborn Street, 5th Floor
  Chicago, Illinois 60604
  (312) 886-2070