

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08 cv 237 |
| Plaintiff, | ) | Judge John W. Darrah |
| v. | ) | |
| FUNDS IN THE AMOUNT OF $101,999.78, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a civil *in rem* forfeiture action brought by the United States against Defendant Funds (the "Funds") for violations of 31 U.S.C. §§ 5313 and 5324. Claimants to the Funds – Pravinchandra Patel, Ushaben Patel, Pur Motel d/b/a/ Karavan Motel, and Parusha Motel d/b/a/ Hillside Manor Motel (collectively, "Claimants") – move for judgment on the pleadings. For the reasons stated below, the motion is denied.

## LEGAL STANDARD

The standard of review for a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is identical to that applicable to a motion to dismiss pursuant to Rule 12(b)(6). *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Dismissal is warranted only if the factual allegations, viewed in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1968-69 (2007). All well-pleaded allegations are accepted as true, and all reasonable inferences are construed in favor of

the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1001 (7th Cir. 2004). However, as the Seventh Circuit has recognized, "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above a speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S.Ct. at 1968-69). If the complaint fails to provide such allegations, "the plaintiff pleads itself out of court." *Id.* Further, when determining whether judgment on the pleadings is proper, a court "may not look beyond the pleadings." *Wood*, 925 F.2d at 1581.

## ANALYSIS

Federal law requires *banks* to file a currency transaction report for cash transactions they receive from customers that exceed $10,000. *See* 26 U.S.C. § 5313(a). The law also prohibits customers from structuring their transactions in a manner designed to cause financial institutions to fail to report applicable transactions. *See* 26 U.S.C. § 5324. Treasury regulations implementing the law provide that:

> a person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements. . . . In any manner includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000 into smaller sums, including sums below $10,000, or the conduct of a transaction, or series of currency transactions, including transactions at or below $10,000.

31 C.F.R. 103.11(gg).

2

The Government brought this civil forfeiture action pursuant to 31 U.S.C. § 5317(c)(2) against the Funds deposited in two Smith Barney accounts. The Government alleges that the deposits of the Funds were structured to avoid federal reporting requirements. Claimants have filed verified claims to the Funds.

The Government alleges that Claimants Pravinchandra and Ushaben Patel own two motels – one (Parusha d/b/a/ Hillside Manor Motel) with 33 rental units costing $47 per night and the other (Pur d/b/a/ Karavan Motel) with 55 rental units costing $55 per night. (Verified Complaint, hereinafter "Complaint," ¶ 7.) The Complaint alleges that the bank records of the two businesses show that the Patels maintained multiple bank accounts (one at Fifth Third Bank and two at Mid America Bank) in the names of the two motels. During the period from March 2, 2004 to February 27, 2007, hundreds of cash deposits were made into these accounts, almost always in the amount of $8,000. (Complaint ¶¶ 12-16, Ex. A.) Shortly after these cash deposits were made, amounts greater than $10,000 were then transferred by check to accounts at Morgan Stanley and Smith Barney. Warrants were executed to seize funds in these accounts. The Government alleges that the Funds seized from the account at Smith Barney were illegally structured under 26 U.S.C. § § 5313 and 5324 and, thus, subject to forfeiture under 31 U.S.C. § 5317.

Claimants contend they are entitled to judgment on the pleadings. According to Claimants, the anti-structuring statute aims to prevent people from breaking down large cash payments into small cash deposits in order to circumvent the reporting rule. Recipients of smaller amounts are not required to hold their money until they accumulate

the threshold $10,000. (Claimant Brief at 5.) Claimants assert they did not violate the anti-structuring statute because they did not break down large amounts of money into small ones. Instead, they accumulated several days of rental receipts and made incremental deposits of $8,000.[1]

The Government responds that judgment on the pleadings is not appropriate because Claimants' argument cannot be assumed from the face of the pleadings, and the asserted factual innocent explanation for the deposits cannot be accepted as true at this stage. In addition, the Government maintains, it is not simply the small amounts of Claimants' deposits that provides the basis for this action. Rather, the action is also based on the volume of deposits made in the same $8,000 amount and the number of bank accounts used. According to the Government, the volume of the transactions and sameness of amounts supports the inference that the deposits were not made in the ordinary course of Claimants' business but, instead, were altered and designed to avoid the banks' reporting obligations.

Judgment on the pleadings is not warranted. It may be that the nature of Claimants' business necessitated a series of $8,000 transactions and daily deposits from their businesses would not have reached the $10,000 threshold; but the Court cannot accept Claimants' explanation for the transactions at this pleadings stage, where all facts and inferences must be construed in the Government's favor. Likewise, Claimants take issue with the Government's description of their bank deposits, namely, that they made

---

[1] Claimants state that basic mathematics shows that the motels could only generate approximately $4,500 daily with full occupancy, so a daily deposit in the course of their business could not amount to $10,000.

4

two deposits into one account on various days (*see* Claimants' Reply at 2-3); but this issue cannot be resolved at this pleadings stage.

The alleged facts and inferences construed in the Government's favor are sufficient to withstand dismissal on the pleadings. The large amount of deposits made by Claimants under $10,000, the number of accounts allegedly used, and the large total sum of money moved by the Claimants over a three-year period are sufficient, at this stage of the proceeding, to support an inference of illegal structuring. *See United States v. Van Allen*, 524 F.3d 814 (7th Cir. 2008) (Government does not have to show that defendant broke up a unitary cash hoard into amounts smaller than $10,000 to make out a structuring offense; offense can be shown by evidence of a pattern of withdrawals and deposits of sub-$10,000 amounts).

## CONCLUSION

For the reasons stated above, Claimants' Motion for Judgment on the Pleadings (Doc. 21) is denied.

Date: September 11, 2008

John W. Darrah
United States District Court Judge